Joнn Silcox & Wife, plaintiffs in error, vs. John Nelson et al., ex'rs, defendants in error.

[1.] A party claiming a legacy as lapsed to the heir at law, on the ground that the legatee named in the will has had no existence. must make clear and satisfactory proof of the allegation, to entitle himself to it.

[2.] A legacy lapsed, does not fall into the residuum, where it is manifest, from the will, that the testator did not intend that the residuary legatees, from the nature of the bequests or devises to them, should take any part of a legacy.

[3.] When residuary legatees are not, from the construction placed upon the will, interested in the question of lapse, they are not necessary parties to the bill.

In Equity, from Richmond Superior Court. Tried by before Judge Holt, at October Term, 1857.

This bill was filed by John Silcox and Charlotte his wife, formerly Charlotte Nelson, widow of Matthew Nelson, de-

ceased, against John Nelson and James Harper, executors of said Matthew, for the recovery of the sum of two thousand dollars, with interest, claimed by complainants, as heirs at law, of said deceased, the same being a legacy bequeathed by testator to the trustees of the Braithwaite School in the Parish of Ripon, county of York, in England, and which legacy complainants allege lapsed, and belongs to the heirs at law of deceased.

The following is a copy of the last will and testament of said Matthew Nelson, deceased.

GEORGIA, RICHMOND COUNTY:

I, Matthew Nelson, of Augusta, in the State of Georgia, being of sound mind and memory, do make this, my last will and testament, in manner and form following:

I desire all my property, both real and personal, except my wearing apparel, furniture and real estate and negroes hereinafter specially bequeathed, to be sold at the discretion of my executors hereinafter named, and the proceeds, after payment of my just debts and funeral expenses, to be distributed in the following manner:

I give and bequeath to my beloved wife, Charlotte, my negro woman named Kezia and her two children, and such portion of household and kitchen furniture as she may, in her opinion, require for her own use. I also give and bequeath to my said wife Charlotte, during her life, my dwelling house, with its appurtenances, and the land adjoining the same, between Walker street on the north, Fenwick street continued on the south, McKinnie street on the east, and Meigs' line on the west; and at the death of my said wife, it is my will that my said dwelling, appurtenances and the land within the above described bounds, shall descend to my nephew, John Nelson and his heirs. I also give and bequeath to my said wife Charlotte, one-third part of all the rest and residue of my estate, not heretofore divided away, to be paid to her within a reasonable time after sale of my estate.

My will and desire is, that one other third part of my estate, not hereinbefore divided away, may be equally divided between my brother Peter and all my nephews and nieces, and the three children of my beloved wife Charlotte, to be paid to them as soon as convenient, after the sale of my estate.

. My will and desire further is, that the remaining third of my estate, not hereinbefore divided away, may be disposed of as follows: that is to say, that the sum of two thousand dollars be invested in stock by my executors hereinafter named, and that the income of the same be remitted annually to the Trustees of the Braithwaite School in the Parish of Ripon, and county of York, in England, for the use of said school, and for the purpose hereinafter mentioned. The trustees of said Braithwaite School to be elected tri-annually by the parents and guardians of the children legally entitled to the use of said school, and said trustees to have a vote in the selection of the teacher or teachers, and to have the privilege of admitting to the use of the school, ten poor scholars, whom he considers the most deserving.

My will also is, that the first year's income of said income, may be applied to the repair of said school house and its appurtenances, and that of the income of all subsequent years from said sums, two-thirds be allotted to the teacher or teachers, and the remaining third to be appropriated to paying the expense of three respectable weekly newspapers for the use of the school and the neighboring inhabitants, and the purchase of books for the school, or to form a library and for the purpose of stationary for said school.

My desire is, that the remainder of said third part of my estate, after investing two thousand dollars in stock for the purpose aforesaid, may be applied to some charitable or benevolent purpose or purposes in Augusta, at the discretion of my executors hereinafter named.

I nominate and appoint my said nephew John Nelson and my friend James Harper of Augusta, executors of this

my last will and testament, hereby revoking all former wills made by me.

In witness whereof I have hereunto set my hand and affixed my seal, this 14th September,. 1839. Signed, sealed and published and declared by said testator, as his last will and testament, in presence of us, who, at his request, in his presence and presence of each other, have subscribed our names as witnesses.

MATTHEW NELSON, [SEAL.]

WM. HARPER,
S. L. BASSFORD,
CHARLES DUGAS.

*Codicil* to my last will and testament.—I revoke the bequest in the aforesaid will, made in favor of benevolent or charitable purposes in Augusta, and desire that the amount of said bequest may be paid to my nephew John Nelson and Louisa C. Cooper, the daughter of my beloved wife Charlotte, share and share alike, as soon as convenient for my executors. In witness whereof I have hereunto set my hand and seal, this 9th day of November, 1839.

his<br>MATTHEW ⋈ NELSON.<br>mark.

Witnesses,
A. CUNNINGHAM,
F. M. ROBERTSON.

The bill further states, that Mrs. Silcox is the only heir at law, of the testator, and as such is entitled to all his estate not disposed of by his will; that the legacy to the Braithwaite School, has *lapsed* for want of a person or corporation entitled to receive the same; and that there is not, and never has been such person or corporation; and that no application or demand has ever been made to the executors for said legacy, nor have they any knowledge or information of the existence of any person or corporation entitled to receive the

same; that said legacy has remained in the hands of the executors, unclaimed ever since testator's death, now about 18 years; and that during all that time they have had the use and benefit thereof.

The bill prays that the defendants, as executors, be compelled to account for and pay over to complainants, as heirs at law, the said sum of two thousand dollars and the interest thereon.

The defendants answered the bill, and the cause was tried upon the bill, answer and replication.

Counsel for complainants relied upon the following portions of defendant's answer, as evidence to prove the non-existence of the legatee named in the will, and to establish complainants' right to the same as a lapsed legacy, viz:

"That shortly after the death of Nelson, in 1839, a copy of his will was forwarded by defendants to Peter Nelson, a brother of testator, residing in the county of York, England, the supposed place of residence of the trustees of the Braith-waite School, in the Parish of Ripon, witht he request that he would furnish them with the copy will forwarded, to the end that there might be a demand for and receipt of the amount of said legacy, under said will."

"That several years after, a letter was received by defendants, which has been lost or mislaid, and writer's name not recollected, but the writer professing to have authority from the trustees to receive payment of said legacy. But defendant, John Nelson having doubts as to the character and authority of the applicant, wrote to him, by advice of counsel what was necessary, *but no answer* was ever received."

"That since the filing of this bill, the defendant, John Nelson had written to one John Nelson of the county of York, England, a nephew of the testator, asking his aid, and through him, that of others, in putting in movement, the party or parties entitled to the legacy, but all efforts to attain that end, have, so far as these defendants are informed, been so far unavailing."

Silcox and wife vs. Nelson et al.

The presiding Judge charged the jury, "that it was incumbent on complainants to show that no such person as the legatee existed, before the legacy can lapse;" "that this must be shown by evidence, and that there was no evidence adduced, except the answer; that the non-existence of the legatee being charged, it must be proved."

"That if the legacy be lapsed, it becomes a *residuum*, to be divided among the residuary legatees under the provisions of the will; that if the jury find it be a lapsed legacy, it did, in the opinion of the Court, go into the residuum, and if it went there, then the complainants could not recover, and the verdict must be for the defendants, because a residuary legatee could not recover his portion of a residuum alone, but must join all the residuary legatees as parties."

The jury found for the defendants, and complainants except and assign as error the charges of the Court above stated.

Jno. C. Sneed, for plaintiffs in error.

W. T. Gould, for defendants in error.

*By the Court.*—McDonald J., delivering the opinion.

The bill in Chancery, on the trial of which, the errors assigned are alleged to have been committed by the presiding Judge in the Court below, was instituted by the complainants claiming, as having lapsed, the legacy of $2000 directed by the testator to be invested in stocks, the income of which was directed to be paid to the Braithwaite school in York county, England, and alleging that the complainant, Charlotte Silcox, is the heir at law, of the testator, and under that title, insisting that the said sum and its accumulations, belong, of right, to her, and praying that it may be so decreed. The answer claims that if the legacy has lapsed, it fell into the general residuum, and is distributable as the will directs. The

cause went to trial on the bill and answer. The points submitted by complainants' counsel, the parts of the answer relied on by them, the charge of the Court below, and the exceptions thereto, presented to this Court as assignments of error, are set forth in the statement of the case.

[1.] The charge of the Court in regard to the proof of the lapse of the legacy is correct in all respects. A complainant, who claims, as heir at law, a legacy, which he alleges, has lapsed, because of the non-existence of the legatee named in the will, must entitle himself to it by clear and satisfactory proof of that allegation. The proof relied on in this case, shows that but little effort was made by the executor or any one else, to prove the existence or non-existence of the legatee entitled to the two thousand dollars under the will. Indeed, as far as it goes, it establishes a strong probability, that by the use of a little diligence and effort, the legatee might have been found.

[2.] We think the Court erred in charging the jury, tha if the legacy be lapsed, it becomes a *residuum*, to be divided among the residuary legatees, under the provisions of the will. Where the residuum is given in distinct parcels, as in this case, or, to several as tenants in common, it is to be inferred that the testator did not intend that lapsed legacies should fall into the residuum, but it is to be presumed in such case, that he had expressed all that each residuary legatee should take. The case of *Loyd vs. Loyd*, reported in 4 *Beavan*, 231, is very like this. There, the residue was to be divided in three portions, and one third was given to A. another third to B., and, as to the other third, £500, part thereof to C., and the residue and remainder of such third to other parties, and C. died in the life time of the testatrix. It was held, that the £500 lapsed to the next of kin.

[3.] From the interpretation of this will, it follows that the residuary legatees cannot be interested in the question o lapse, and are not, therefore, necessary parties.

Judgment reversed.