CARSON *et al. vs.* SEARCY, executor, *et al.* ·

[SPEER, Justice, being disqualified in this case, Judge Simmons, of the Macon circuit, was designated to preside in his place.]

Where a will provided that the proceeds of certain property should be " equally divided among the legatees already named, share and share alike," and certain legatees were named in two preceding items of the will, it was not ambiguous, and parol testimony was not admissible to show which of the legatees were intended.

Wills. Evidence. Before F. D. DISMUKE, ESQ., Judge *pro hac vice.* Spalding Superior Court. August Term, 1880.

Searcy, executor, filed his bill for direction in construing the will of Searcy, deceased. The point was whether the legatees mentioned in the 5th item were those mentioned in the 4th item, only, or included, also, those mentioned in the 3rd item. These items were as follows:

*Item 3d.* Should there be a balance left after the payment of all my debts, as before provided in item 2d, I give and bequeath and devise to my niece-in-law, Sally D. Carson, the sum of one hundred dollars, and to my niece-in-law, Mary D. Carson, the like sum of one hundred dollars, to be paid them out of the proceeds of the sales of my personal property and town lots as before mentioned.

*Item 4th.* After the payment of my debts, as provided in item 2d, and the legacies to my nieces-in-law, as provided in item 3d, should there be still a balance arising from the sale aforesaid, I give, bequeath and devise to my nephews, John Searcy, of Taylor county, living at Carsonville, Benjamin Wesley Searcy, now living in Mississippi, Thomas Ansley, living in Harris county, of this State, all of said balance of my money, to be equally divided between them, share and share alike.

*Item 5th.* As to my real estate, which consists of the land I now reside on, I hereby direct all of that part of said land which lies on the eastern side of the Macon and Western railroad to be sold as in the judgment of my hereafter named executors shall seem best, and the proceeds of said sale be equally divided among the legatees already named, share and share alike. ·

The case was submitted to the court without a jury. He admitted parol testimony to show what legatees were intended in the fifth item of the will; holding it to be ambiguous, and subsequently held that, under such testimony, only the legatees mentioned in the fourth item were intended. Carson *et al.* excepted.

BOYNTON & HAMMOND, for plaintiffs in error.

STEWART & HALL, for defendants.

JACKSON, Chief Justice.

The sole question made by this record is, whether or not there be such ambiguity in the testator's will as authorized the introduction of parol evidence to fix his meaning, or whether the will, as written, be free from all ambiguity, and explains itself and fixes the intention of the testator without invoking the aid of evidence outside of the writing.

The fifth item provides that the proceeds of the property in dispute " be equally divided among the legatees already named share and share alike." Those legatees " *already named*" are three nephews, whose names are in the 4th item, and two nieces-in-law, whose names are in the 3rd item, and to all of whom contingent legacies are left, if there be money enough after paying debts from the proceeds of other property.

The words are quite plain, the meaning unmistakable, and the parol testimony would graft upon the will provisions wholly at variance with those words. The court below, trying the cause as judge and jury, heard that parol testimony, and decreed that the proceeds of the property, or the bequest under the 5th item, be divided between the three nephews to the exclusion of the two nieces-in-law, and the nieces excepted. We are clear that the court erred in so hearing the parol testimony and in rendering

that decree. See 14 *Ga.*, 370; 16 *Ib.*, 16; 32 *Ib.*, 597; 30 *Ib.*, 167; 28 *Ib.*, 262; 46 *Ib.*, 247; 47 *Ib.*, 455; 50 *Ib.*, 181. The judgment is, therefore, reversed.