HOWELL M. DORSEY *et al.*

*v.*

JOSEPH DODSON, Exr.

*Opinion filed April 24, 1903—Rehearing denied June 9, 1903.*

1. WILLS—*the rule as to doctrine of equitable conversion.* If a will directs the executor to sell real estate and divide the proceeds, equity will apply the doctrine of equitable conversion and treat the gift as one of personal property; but if circumstances have rendered the conversion unnecessary or the purposes of the change fail, the doctrine will not be applied.

2. SAME—*rule where purpose of the devise fails in part.* Unless the testator manifests a contrary intention, the law presumes that he intended by his devise to deprive the heirs of the land for a particular purpose, and hence, if that purpose fails in part, the portion of the land as to which it fails will go to the heirs.

3. SAME—*effect of death of one of residuary legatees before the testator.* In the absence of any provision in the will to the contrary, if one of the parties named as legatees of the testator's residuary real estate, which the will directs the executor to sell and divide the proceeds, dies before the testator, the residuary share of such legatee goes to the heirs, and not to the surviving legatees.

4. SAME—*general rule as to lapsed legacies—exception.* As a general rule, a lapsed legacy will sink into the residuum if there is a general residuary clause sufficient to embrace it in its terms; but where the residue is to go to the same persons to whom the specific legacies are given, the lapsed legacy becomes intestate property.

*Dorsey* v. *Dodson*, 104 Ill. App. 589, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

R. E. DORSEY, and E. W. HAYES, for appellants.

BELL & BURTON, for appellee, Joseph Dodson.

JESSE PEEBLES, and DAVID E. KEEFE, for Cora Green, administratrix of estate of John J. Green.

GOODRICH, VINCENT & BRADLEY, for the intervenor, Fanny Knapp.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Bartow W. Green, a bachelor, died December 16, 1898, leaving a last will and testament, which was admitted to probate in the county court of Macoupin county. There are many bequests and provisions in the will, but the only ones to which this litigation relates are the following: The testator gave to his brother, John J. Green, during his natural life, the income of $10,000, to be paid by the executor, the principal to be distributed after the termination of the life estate, as therein directed. To his sister Henrietta Dorsey he gave $5000, and the like sum of $5000 to his sister Fanny Knapp. He provided that the executor should sell all real estate necessary to pay and discharge all the bequests in the will which could not be paid out of his personal estate, and he finally disposed of the residue of his real estate and personal property by separate clauses of the will,—the nineteenth and twentieth. The nineteenth directed the executor to sell the residue of his real estate and turn over the proceeds, whether money, notes, mortgages or other property, to his said brother, John J. Green, and his sisters, Henrietta Dorsey and Fanny Knapp, to be equally divided

between them, share and share alike. The twentieth˙ gave all the residue of his personal estate not otherwise disposed of in the will, after the payment of bequests, debts and expenses, to his said brother, John J. Green, and his sisters, Henrietta Dorsey and Fanny Knapp, to be equally divided between them, share and share alike., Henrietta Dorsey died in the lifetime of the testator, and John J. Green died after the death of the testator, before any sale or distribution under the will had been made. Upon an application of the executor for an order of distribution of the property of the estate there was a controversy concerning disposition of the shares of said John J. Green and Henrietta Dorsey. The county court decided that the legacies of John J. Green did not lapse and that his estate should receive the same, but that all the legacies and provisions for Henrietta Dorsey did lapse; that the legacy of $5000 to her and her one-third of the proceeds of the sale of the residue of the real estate, under the nineteenth clause, should both go into the residue of the personal estate to be divided under the twentieth clause, and that after Fanny Knapp and the estate of John J. Green had each taken one-third of the residue as swelled by such additions, the remaining one-third lapsed and became intestate estate. The executor was ordered to pay one-third of the proceeds of the sale of real estate to Fanny Knapp, one-third to the estate of John J. Green, and to put the one-third of Henrietta Dorsey and her legacy into the residuary fund, and divide such residuary fund, one-third to Fanny Knapp, one-third to the estate of John J. Green and the remaining third to be distributed as intestate property, according to the laws of descent. Appellants, Howell M. Dorsey and Lucy G. Hayes, the heirs of Henrietta Dorsey, appealed to the circuit court. That court agreed with the county court that the gifts to John J. Green did not lapse, and that the legacy of $5000 to Henrietta Dorsey lapsed by her death in the lifetime of the testator and went into

the residue of the personal estate under the twentieth clause, but held that the residue of the real estate ordered by the nineteenth clause to be sold was to be converted into personal property for the purpose of the will only, and that when the gift of one-third thereof to Henrietta Dorsey lapsed it became intestate property, to be distributed to the heirs-at-law of the testator. The executor was ordered to distribute to the heirs-at-law one-third of the proceeds of the real estate and to put the $5000 legacy to Henrietta Dorsey into the residuary fund under the twentieth clause, giving one-third of it to Fanny Knapp, one-third to the estate of John J. Green and distributing the remaining third as intestate property. Appellants again appealed to the Appellate Court, which settled the rights of the parties the same as the county court, affirming the order of the circuit court as to the legacy of $5000 but reversing it as to the one-third of the proceeds of the real estate given to Henrietta Dorsey. The circuit court was directed to enter an order in accordance with that conclusion of the Appellate Court. This further appeal was prosecuted from the judgment of the Appellate Court.

The testator having given specific legacies to his brother, John J. Green, and each of his two sisters, Henrietta Dorsey and Fanny Knapp, and having provided that the executor should sell such real estate as might be necessary to pay and discharge those legacies and the others given by the will, disposed of the remainder of such real estate by the nineteenth clause, by directing a sale of the same and a division of the proceeds equally between his said brother and sisters. Henrietta Dorsey died in his lifetime, and one of the questions to be decided is what became of her share.

Where a will directs an executor to sell real estate and divide the proceeds, equity will apply the doctrine of equitable conversion, and regard the devise as one of personal property and not of real estate. (*Crerar* v.

*Williams*, 145 Ill. 625.) That doctrine is founded on the principle that equity regards that as done which ought to have been done, and the nature of the property is considered as changed for the purposes of the will. The testator having directed that his real estate be changed into personal property for the purposes of the will, equity regards it as already done, if such purposes require it. But equity never presumes a conversion of real estate into personal property unless such a change is necessary to accomplish the lawful purposes of the will. If circumstances arise which render the conversion unnecessary, or if the purposes of a change fail, the law will not regard the conversion as made. In such a case the conversion is not required and ought not to be made, and therefore the foundation of the rule does not exist. (*Richards* v. *Miller*, 62 Ill. 417; *Chamberlain* v. *Taylor*, 105 N. Y. 185; 1 Jarman on Wills, 558.) Whenever the conversion directed by a will totally fails or the purposes of the will are otherwise satisfied, the property remains as land, a conversion being wholly unnecessary. In this case, if all those entitled to share in the proceeds of the property had died in the life of the testator the purposes of the conversion would have wholly failed, and the real estate would have passed, as such, to the heirs. There was a partial failure, only, by the death of Henrietta Dorsey, and the sale was still necessary to determine the shares of Fanny Knapp and the estate of John J. Green, but in such a case the surplus goes to the heirs although in form of money, unless a contrary intent appears from the context of the will. (3 Pomeroy's Eq. Jur. sec. 1171.) Unless the testator manifests a contrary intent the law presumes that he intended to deprive the heir of the land for a particular purpose, and if that purpose fails in part, the portion as to which it fails will go to the heirs. In the nineteenth clause the testator was dealing with the residue of his real estate and ordered it converted for the purpose of a division, and there is nothing

in the will manifesting an intent that upon a failure of his purpose that share should be added to the residue of the personal estate. There was a partial failure of the purposes for which the conversion was to be made, with no provision for such a contingency. We think the circuit court was right in disposing of the share given to Henrietta Dorsey by the nineteenth clause, and that it did not become a part of the residuary personal estate disposed of by the twentieth clause.

The other question in the case relates to the legacy of $5000 to Henrietta Dorsey. The general rule is, that if a legacy lapses, and there is a general residuary clause sufficient to embrace it in its terms, it will sink into the residuum. This is based entirely upon the presumed intention of the testator that the residuary clause shall include everything not effectually devised or disposed of. Upon the failure of a particular intent to give a legacy to some person the courts give effect to the general intent manifested by the residuary clause, presuming that the testator prefers the residuary legatee to every one except the particular legatee. But where a testator gives legacies to several persons and then provides for a division of the residue between the same persons the rule and the reason for it fail. The rule in such case is stated in Schouler on Wills, (3d ed. sec. 519,) as follows: "Where legacies are given to several legatees and the residue is bequeathed to the same legatees, it follows that the residue will not include a lapsed legacy to one of them." To hold, in such a case, that the testator intended the lapsed legacy to fall into the residuum, was said in *Craighead* v. *Given*, 10 S. & R. 351, to hold that the testator intended to bequeath to one who died a portion of the residue happening in consequence of his own death, —a construction which could never be supported. Where a testator gives specific legacies to several legatees and gives the residue to them as tenants in common, if each one receives his share of the residue over and above the

specific legacies he receives exactly what the testator intended to give him. Having given to each specific sums and a specific share of the excess over the total of such sums, the proportion of those who live is not to be enlarged by a lapsed legacy. It is not to be inferred that the testator intended that a lapsed legacy to one should fall into the residue, so that the survivors should receive a different and increased proportion of the testator's estate. (*Green* v. *Pertwee,* 5 Hare, 248; *Silcox* v. *Nelson,* 24 Ga. 84; *Lombard* v. *Boyden,* 5 Allen, 249; *Lloyd* v. *Lloyd,* 4 Beav. 231.) Not only did the specific legacy to Henrietta Dorsey lapse, but her share of the residuary estate also lapsed, and to carry the lapsed legacy to her forward into the residuum would be to add one-third of it to another lapsed legacy to her and augment the shares of Fanny Knapp and the estate of John J. Green with the remaining two-thirds, contrary to the rule of law in such cases. It will be seen that the same rule would apply as to the share of Henrietta Dorsey in the proceeds of the real estate under the nineteenth clause, and for the same reason it could not go into the residue. The testator gave the proceeds to her and her brother and sister in equal shares, and could not have intended, in case of her death, that her share should pass to her and the same brother and sister under the twentieth clause. The provisions of the will for Henrietta Dorsey all lapsed, and under its terms became intestate estate, to be distributed, as such, under the Statute of Descent.

The judgment of the Appellate Court and the order of the circuit court are reversed and the cause is remanded to the circuit court, with directions to enter an order in accordance with the views herein expressed.

*Reversed and remanded.*