ANGELA D. WOODWARD, *et al.,* appellants *vs.* THOMAS B. CONGDON, Ex'r, *et al.,* appellees.

JUNE 11, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

·(1)  *Wills. Lapsed Legacies. Residue.*

Where X and Y were legatees and also residuary legatees and devisees, and X deceased in life time of testatrix, intestate, and without issue, the legacies which thereby lapsed, passed into the residue and the entire residue thus augmented passed to Y.

·(2)  *Wills. Lapsed Devises and Legacies.*

Under the rule of the common law as adopted in this state, lapsed legacies fall into the residue, and Gen. Laws, 1896, cap. 203, § 7 (now Gen. Laws, 1909, cap. 254, § 7), provides that unless a contrary intention appears in the will,

lapsed devises shall fall into the residue, and if a residuary devisee or legatee die before testator without leaving issue living at testator's decease, the remaining residuary devisees or legatees shall take his share, as therein provided.

*Held,* that the intent of the statute was to prevent intestacy in the case of a lapsed residuary devise or bequest and to provide for survivorship where any residuary devisee or legatee remains at death of testator.

*Held,* further, that where an estate was left in such manner that a lapse might occur, without any ultimate disposition of such legacies or devises as might lapse, other than that contained in a general residuary clause, the testator must be deemed to have executed the will with regard to the provisions of the statute.

*(3)   Wills.   Construction.*

A will should be construed so as to avoid partial intestacy if such construction is natural and reasonable.

*(4)   Wills.   Lapsed Legacies.   Residue.   Presumption.*

Where one of two residuary devisees and legatees deceased within a week after the execution of the will, since the will is to be deemed to have been executed in view of Gen. Laws, 1896, cap. 203, § 7 (now Gen. Laws, 1909, cap. 254, § 7), of lapsed devises and legacies), it is to be presumed that if testatrix had not intended the remaining residuary devisee and legatee to take under such statute, she would have made other provision for the disposal of that portion of the estate.

PROBATE APPEAL.   Heard on agreed statement of facts.

PARKHURST, J.   This case was certified to this court by the Superior Court of Newport County on an agreed statement of facts.   It is an appeal to the Superior Court of Newport County from a decree of the Probate Court of Newport, entered June, 1911, allowing the account of the appellee, Thomas B. Congdon, as administrator c. t. a. of the estate of Emily E. Hurd, deceased, which account shows the payment of the entire residuary estate to T. Amory DeBlois, one of the appellees.

The facts, so far as they are material to the issues, are these:   The will of Emily E. Hurd, which was executed December 6, 1900, provided, among other things as follows:

"4.   To my said cousins, N. James DeBlois and T. Amory DeBlois, I give and bequeath the sum of $2,500 each.

"15.   Subject to the possession, use and enjoyment of all the articles hereinafter named by said E. Linzee Cunning-

ham during his natural life, and after his death only, I give and bequeath the same as follows, namely:—

"All the silver plate of every description inherited by me from my dear mother (it has the initial 'D' engraved upon it) to said Emily J. DeBlois. All the furniture in said house inherited from my said mother, consisting of the furniture in my drawer and in the guest chamber and all the bric-a-brac therein contained to said Emily J. DeBlois.

"All rugs, carpets, linen, blankets and bedding, all china, glass, bric-a-brac and ornamental furniture, not otherwise herein specifically bequeathed and all wines and cigars to said N. James DeBlois and T. Amory DeBlois.

"16. All the rest, residue and remainder of my estate of whatsoever kind and wheresoever situate of which I may die seized and possessed or to which I may then be entitled, I give, devise and bequeath to my cousins, said N. James DeBlois and T. Amory DeBlois."

In addition to the above, the agreed statement establishes the following facts:

1. The death of testatrix, June 3, 1909, and the probate of her will.

2. The death of N. James DeBlois, intestate and without issue, December 13, 1900, devisee and residuary legatee and devisee, with T. Amory DeBlois (they together, under the terms of the will being entitled to the residuum).

3. The death of E. Linzee Cunningham, January 29, 1905.

4. The death of Emily J. DeBlois, February 2, 1907.

5. The next of kin of testatrix, including among others, these appellants.

The question arising upon the facts are these:

(1) Upon the death of N. James DeBlois, without issue, prior to the death of testatrix: 1. Did the legacies to him, which lapsed, pass into the residue, or go to the next of kin of the testatrix? 2. Did the entire residue, together with the lapsed legacies as part thereof, pass to the surviving residuary legatee, T. Amory DeBlois, or did only one-half of

the residue pass to him, and the other half with the lapsed legacies pass to the next of kin of the testatrix?

The probate court decided, in accordance with the appellees' contention that the legacies which lapsed as to N. James DeBlois, passed into the residue, and that the entire residue thus augmented passed to the surviving residuary legatee.

The appellants contend, however, (1) that a specific bequest to a legatee who predeceases the testator does not fall into the residue, if the specific legatee is also one of the residuary legatees, but descends to testatrix's next of kin as intestate property: (2) that it appears from the will of Emily E. Hurd that she did not intend the lapsed portion of the residue given to N. James DeBlois to enlarge the portion thereof given to the surviving residuary legatee.

(2)   All the parties admit that it is unquestionably the rule at common law, as applied in this country, that lapsed or void bequests fall into the residue.   And this has been recognized as the rule in Rhode Island, in the case of *Peckham* v. *Newton,* 15 R. I. 321, 324, and also in *Re Will of Isaac Reynolds,* 20 R. I. 429, 431, and *Nickerson* v. *Bragg,* 21 R. I. 296, 298.   But the appellants contend further, that there is an exception to that rule which is well recognized and which controls the case now before the court, namely, that when the bequest is to a legatee who is also one of the residuary legatees, the bequest lapses, and goes to the testator's next of kin, and not to the surviving residuary legatee; that it is not logical to say that a gift to one lapsing shall go as a part of the residue to him not living, or in other words, to allow a residuary legatee to take when dead a legacy lapsed by reason of his own death; that the surviving residuary legatee does not take the deceased residuary legatee's share of the residue directly by the terms of the will, but, if he takes such share of the residue at all, it is by virtue of his survivorship as provided by our statute and that the statute gives the surviving legatee only "the share of such residuary . . . legatee so dying;" and that the "share of such residuary . . . legatee so dying" does not include a

specific bequest to him which lapses by his own death and which could not come to him dead and therefore could not become a part of his "share."

And the appellants, in support of this contention, cite certain cases, to wit, the case of *Craighead* v. *Given*, 10 S. & R. 351.

In that case there was a gift to seven legatees and the residue was to the same seven. One of the legatees died before the testator. The court said, at page 354: "To bequeath to Eliza Semple a portion of a residue happening. in consequence of her own death is a construction which can never be supported" and held that the bequest to Eliza Semple who predeceased the testator went to the testator's next of kin and not to the other six residuary legatees.

In *Dorsey* v. *Dodson*, 203 Ill. 32, at page 37, the court said: "Where legacies are given to several legatees and tht residue is bequeathed to the same legatees, it follows thae the residue will not include a lapsed legacy to one of them" and quoted with approval the language used in *Craighead* v. *Given, supra.*

In accord with these two cases is *Crawford* v. *Cemetery Association*, 218 Ill. 399, 75 N. E. 998.

In *Silcox* v. *Nelson*, 24 Ga. 84, the court says: "When the residuum is given in distinct parcels as in this case, or to several as tenants in common, it is to be inferred that the testator did not intend that lapsed legacies should fall into the residuum, but it is to be presumed in such cases that he had expressed all that each residuary legatee should take." But an examination of these cases shows that no such statute as has existed in Rhode Island, since 1896 (nor any statute on the subject), was in contemplation of the courts which rendered these decisions.

The statute of this state relating to the matters here in. question is found in Gen. Laws, 1896, Ch. 203, § 7, now Gen. Laws, 1909, Ch. 254, § 7, p. 882, and was in force at the time of the execution of the will (December 6th, 1900).

The statute provides as follows:

"Sec. 7. Unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained which shall fail or be void by reason of the death of the devisee in the lifetime of the testator without leaving issue of such devisee living at the time of the testator's decease, or by reason of such devise being contrary to law or otherwise incapable of taking effect, shall be included in the residuary devise, if any, contained in such will; and if a residuary devisee or legatee die before the testator without leaving issue living at the time of the testator's decease, and there be other residuary devisees or legatees named in such will in the same residuary clause, such other residuary devisees or legatees named in said clause, whether a class or not, shall take at the testator's decease the share of such residuary devisee or legatee so dying in like proportions as their shares bear one to another as expressed in said will under said residuary clause."

It will be noted that the first clause of the above quoted section refers in terms only to lapsed "devises" of real estate, and makes no reference to lapsed legacies of personal property. But as the obvious intent of this statute was to prevent intestacy, where it was manifest that the testator did not intend to die intestate as to any portion of his estate, it was not necessary that the statute should refer to lapsed legacies, because under the rule of the common law as adopted in this state, as above shown, it was already the law that lapsed or void legacies of personal property should fall into the residue; and so it was only necessary to provide for the similar disposition of lapsed devises of real estate so as to prevent intestacy as to them.

It is manifest therefore that when N. James DeBlois died intestate, and without issue, December 13, 1900, both the specific pecuniary legacy to him, under the 4th clause, and the other specific legacy of certain tangible personal property bequeathed to him, under the 15th clause of the will above quoted, fell into the residue, for the benefit of such person,

if any, as should be ultimately entitled thereto; and that, as T. Amory DeBlois survived the testatrix, he became entitled to the residue thus augmented. The *ratio decidendi* of the cases above cited on behalf of the appellants which hold to a contrary rule is, that "where a testator gives specific legacies to several legatees and gives the residue to them as tenants in common, if each one receives his share of the residue over and above the specific legacies he receives exactly what the testator intended to give him. Having given to each specific sums and a specific share of the excess over the total of such sums, the proportion of those who live is not to be enlarged by a lapsed legacy. It is not to be inferred that the testator intended that a lapsed legacy to one should fall into the residue, so that the survivors should receive a different and increased portion of the testator's estate." In other words, this rule was intended to so interpret the will as to carry out the testator's intention, in accord with the general rule of interpretation of wills.   See *Dorsey* v. *Dodson*, 203 Ill. 32, 37, 38; *Crawford* v. *Cemetery Ass'n*, 218 Ill. 399, 409; *Silcox* v. *Nelson*, 24 Ga. 84; *Lombard* v. *Boyden*, 5 Allen, 249, 251.

A similar rule has, prior to the adoption of the statute, been applied in this state with regard to shares under a residuary clause devising and bequeathing both real and personal estate to several children of the testator by name, as tenants in common, in equal shares, holding that where one of the residuary devisees died without issue in the lifetime of the testator, the part of the real estate devised to such deceased child lapsed, and being a part of the residue could not fall into the residue, so as to enhance the shares of the other residuary devisees, but would go as intestate estate to the heirs at law.   *Church* v. *Church*, 15 R. I. 138; see, also, *Sohier, Adm'r*, v. *Inches*, 12 Gray, 385, 387; *Lombard* v. *Boyden*, 5 Allen, 249, 251.

The whole theory of these cases is based upon the legal effect of the tenancy in common, which negatives the idea of any right of survivorship as between the tenants.

As we construe the statute above quoted, it was intended to prevent, in the second part thereof, the further application of this rule, so as to prevent intestacy in the case of a lapsed residuary devise or bequest, and to effectually provide for survivorship where any residuary devisee or legatee remains at the testator's death to take the estate. We are well satisfied that the said statute is effectual to do away with both the aforementioned rules regarding lapsed devises and legacies, and when the testator, as in this case, leaves estate in such a manner, that a lapse may occur, without any ultimate disposition of such legacies or devises as may become lapsed other than that contained in a general residuary clause, the testator must be deemed to have executed the will with regard to the provisions of the statute above quoted, and to have intended that such provisions should operate in case a specific devise or bequest became inoperative for any reason. *Missionary Society* v. *Pell,* 14 R. I. 456. And this (3) construction of the will is in accord with the general rule to so construe a will as to avoid partial intestacy, if such construction is natural and reasonable. *Staples* v. *D'Wolf,* 8 R. I. 74; *Pell* v. *Mercer,* 14 R. I. 412, 427; *Smith* v. *Greene,* 19 R. I. 558, 560; *Fiske* v. *Fiske,* 26 R. I. 509, 512.

The second contention of the appellants is that it appears by the will that the testatrix did not intend the lapsed portions of the residue given to N. James DeBlois to enlarge the portion given to the surviving residuary legatee. We find no expressions in the will to indicate that the testatrix had in mind a possible lapse of the portion of the residuary bequest to N. James DeBlois. It is to be noted that while he is mentioned as a devisee and legatee in the 3d, 4th, 15th and 16th clauses of the will, in conjunction with his brother, he died December 13, 1900, one week after the will was executed, December 6, 1900; and that the testatrix lived until June 3, 1909. As the testatrix is to be deemed to have executed her will in view of the statute above quoted which provides for survivorship as between the residuary legatees, it is to be presumed that, if she had not intended T. Amory DeBlois to

take under the statute, his brother's portion of the residuary bequest, such brother having died so shortly after the date of the will, she would have made other provision for the disposal of that portion of the estate. It is quite evident that T. Amory DeBlois was a special object of her bounty equally with his deceased brother, and that it was in accord with her intention that he should take the portion which his brother would have taken had he survived. We cannot suppose that she had in mind any such rules of law with regard to lapsed legacies as are contended for by the appellants which, as we have shown, were done away with by the provisions of our statute, or that she intended for any such reasons to leave any portion of her estate to be distributed as intestate property.

For these reasons our decision is that the decree of the Probate Court of the city of Newport, appealed from, whereby the account of Thomas B. Congdon, administrator with the will annexed of the estate of Emily E. Hurd, was allowed and recorded, was in accordance with law, and should be affirmed.

The papers in the case will be sent back to the Superior Court for the county of Newport, with our decision endorsed thereon, in accordance with this opinion.

*Burdick & MacLeod,* for appellants.

*Loundes Calhoun of the Georgia bar,* of counsel.

*Sheffield, Levy & Harvey,* for appellees.