### JONES *et al. v.* FOLSOM, executor.

A testator bequeathed a certain sum to each of his employees "who have been in my employment or service for ten years up to and next preceding my death." Several plaintiffs joined in a suit against the executor, alleging that they had been in the testator's service for ten years previous to his death. The defendant demurred on the ground that the plaintiffs did not allege themselves to have been in the testator's service

for ten years up to and next preceding the testator's death. The demurrer was properly sustained.

JANUARY 13, 1915.

Complaint. Before Judge Bell. Fulton superior court. December 12, 1913.

*Gober & Jackson,* for plaintiffs. *Ulysses Lewis,* for defendant.

EVANS, P. J. James Jones and eleven other plaintiffs filed their petition against the executor of Leonard B. Folsom, alleging that the 12th item of the will of the defendant's testator is as follows: "I give and bequeath the sum of $150.00 to each of my employees in my restaurant, hotel, and barber-shop in Atlanta, who have been in my employment or service for ten years up to and next preceding my death. But no person can take under this twelfth item who takes under any other item of this will." The plaintiffs were alleged to have been employees in the restaurant of the defendant's testator for more than ten years previous to his death. It was alleged, that more than twelve months had elapsed since the probate of the will, and that the executor "refuses to assent to said legacies and to pay plaintiffs the bequests given them under and by the terms of said will; that under the law they are entitled to it and under and by the provisions of the will of the testator whom they served so long and so well." The prayers were, to compel the executor to assent to the legacy, and for judgment against the executor in favor of each plaintiff for the sum of $150. The defendant demurred to the petition, on the grounds, inter alia, that the petition fails to allege that the plaintiffs, or any of them, were in the employment or service of the testator for ten years up to and next preceding the death of the testator. The court sustained the demurrer, and the plaintiffs sued out a writ of error.

The testator's legacy to his servants was clear and unambiguous. He included as objects of his bounty only those who were in his employment at the time of his death and had been continuously so for ten years preceding his demise. The plaintiffs' allegation that they had been in the testator's employment previous to his death was lacking in certainty, as describing them to be included among the persons intended by the testator, who made it clear not only that the persons to whom the bequests were made must have been in his service for more than ten years, but also that they must have been engaged in his service for ten years up to and next preceding

his death. The objection raised by this ground of the demurrer went to the very vitals of the plaintiffs' case; they failed to allege any right of recovery in themselves; and the court properly sustained the demurrer on this ground. In view of this ruling it becomes unnecessary to decide the other grounds of the demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*