JOHNSON *et al. v.* FOLSOM, executor.

A testator devised to J. $2,500, "provided he is in my employment at the time of my death." J. voluntarily severed business relations with the testator, and died before the death of the testator. In a suit by his wife and children to recover the legacy, *held,* that the legacy lapsed, and the plaintiffs are not entitled to recover.

JULY 12, 1916.

Action to recover legacy. Before Judge Pendleton. Fulton superior court. March 18, 1915.

Leonard B. Folsom died testate. The fifteenth item of his will was as follows: "I will and bequeath the sum of twenty-five hundred ($2,500.00) to my faithful and worthy friend and employee, Jacob V. Johnson, who has been with me in my employment for many years, and who has helped me to build up my business, and therefore deserves well of me, and for whom I desire in some measure to provide after my death; that is to say, $2,500.00 to Jacob V. Johnson, provided he is in my employment at the time of my death." Jacob V. Johnson died before the testator died, leaving a widow and several children, who, as his heirs at law, brought suit against the executor of Folsom, to recover the

bequest to him in the fifteenth item of the will. On the trial the plaintiffs submitted testimony tending to show that the testator owned and operated a hotel and restaurant for many years, during which time Jacob V. Johnson was in his employment, and for the greater part of the time was general manager of the restaurant. Folsom sold the hotel to certain parties for $22,500. The purchasers formed a stock company. As a part of the purchase-price the testator accepted $2,500 of the stock, which he gave to Jacob V. Johnson. Johnson became the manager of the new company, and was serving in that capacity at the time of his death. Folsom had other property, including a large dairy farm. The estate was solvent, more than a year had elapsed since the probate of the will, and the executor refused to pay the legacy. A nonsuit was granted, and the plaintiffs sued out·a writ of error.

*W. H. Terrell, R. B. Blackburn,* and *Henderson Hallman,* for plaintiffs. *Anderson & Rountree,* for defendant.

EVANS, P. J. (After stating the foregoing facts.) The plaintiffs press their claim on the theory that the legacy to their ancestor had not lapsed. If the legacy had been absolute, there would not have been a lapse, inasmuch as the legatee left issue living at the death of the testator. Civil Code (1910), § 3906. But the legacy to Johnson under this will was not absolute; it was upon the condition that Jacob V. Johnson was in the employment of the testator at his death. The benefactions of the testator to other employees in other items of his will were limited to those in his employment at the time of his death, and who had been continuously so for ten years preceding his demise. See *Jones* v. *Folsom,* 143 *Ga.* 23 (84 S. E. 68). The only condition annexed to Mr. Johnson's bequest was that he should be in the testator's employment at the time of the latter's death. According to the testimony Mr. Johnson voluntarily severed his relations with the testator, and accepted from him a substantial gift from the proceeds of the sale of his hotel and restaurant property, and accepted employment as general manager of the purchasing company, of which he was a stockholder.· By voluntarily leaving the service of his employer he made the condition impossible of performance, and his legacy lapsed upon his death during the life of the testator. Counsel for plaintiff in error place much reliance upon the English case of Burchett *v.* Woolward, 1 Turn. & R. 442. There a testator

directed that his executors pay to A B a yearly sum as wages so long as she should continue in his wife's service, and, if she continued in such service, that the payments should be made to her quarterly, free from all deductions, until the decease of his wife, and to cease in case she should leave the service of his wife. The testator's wife died in his lifetime; and it was held that A B was entitled to the annuity during her life. In the cited case the legatee survived the testator, and was ready to perform the condition, which was rendered impossible because of the death of the testator's wife. In the case at bar the legatee not only predeceased the testator, but at the time of the legatee's death he was not engaged in the service of the testator. We think that the nonsuit was the only logical result of the case.

*Judgment affirmed. All the Justices concur.*