23367.   POWELL et al. v. WATKINS et al.

CANDLER, Presiding Justice.   This is a proceeding which Mrs. Bessie McLeod Watkins and the Citizens & Southern National Bank as the legal representatives of Dr. Edgar W. Watkins' estate brought in the Superior Court of Gilmer County for construction of his will, including a codicil, and for distribution directions.   The will and codicil dispose of a large estate.   By Item 4 of his will, the testator created several trust estates.   Trust No. 6 of that item is a bequest of $50,000 to named trustees who were authorized by the testator to use all of it for the purpose of helping finance the construction of a public hospital in Gilmer County.   Item 9 of the will reads: "All the rest, residue and remainder of my estate, whether real or personal, whether now possessed or hereafter acquired, I direct shall be distributed Ten Thousand ($10,000.00) Dollars or one-third (⅓), whichever is the lesser, to Watkins Edwards, should he survive me, and the remainder, or should Watkins Edwards predecease me then all shall be distributed in fee simple to my wife, Bessie McLeod Watkins, and to my brother, E. C. Watkins, share and share alike in fee simple; provided, however, that if either of the latter two predecease me, her or his share of my residuary estate, including lapsed legacies, shall be delivered to my Trustees and shall become a part of the corpus of and be administered under Trust No. 6 of Item 4."   The codicil made no change in this item of the will.

On the hearing the judge found from the evidence and held that the bequest of $50,000 which the testator made to help finance the construction of a public hospital in Gilmer County was adeemed by him during his lifetime and that the $50,000 bequeathed for such hospital purpose should be added to the residuum of his estate.   To this ruling there was no exception.

Mrs. Jane Estelle Watkins Powell and Emory C. Watkins, Jr., two of the defendants, answered the petition and averred: They are the children of E. C. Watkins—one of the beneficiaries under the residuary clause of Edgar W. Watkins' will; their father predeceased the testator; and, as his surviving children, they are entitled to that portion of the residue of the testator's estate which their father would have taken had he survived the testator.   The record shows without dispute that these two defendants are the only children of E. C. Wat-

kins and that he died prior to the death of the testator. The trial judge found against their contention and held: "That the residuum of the testator's estate shall be distributed $10,000, or one-third, whichever is the lesser, to Watkins Edwards and the remainder to Bessie McLeod Watkins, the testator's wife in fee simple free from any and all trusts."

These two defendants filed notice of appeal and enumerated the above quoted ruling as error and since no other ruling made by the trial judge is enumerated as error, our consideration of the case must and will be confined to this one finding and ruling. *Held:*

*Code* § 113-812 provides: "If a legatee shall die before the testator, or if dead when the will is executed, but shall have issue living at the death of testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestor." In the instant case the trial judge found and held that the bequest of $50,000 which the testator made for the purpose of helping finance the construction of a public hospital in Gilmer County was adeemed by him; and since it was, the $50,000 bequeathed for that particular purpose should be added to and become a part of the residue of his estate and distributed as such. This finding and holding was not excepted to and it consequently became and is the law of the case.

These two defendants however contend that they are entitled to that portion of the residue of the testator's estate bequeathed to their father, E. C. Watkins. They base their contention on the ground that the bequest made to him in the residuary clause of the testator's will was absolute and without remainder or limitation. This contention is not sustainable. The bequest made to E. C. Watkins in the residuary clause of the testator's will was not absolute and without remainder or limitation; but to the contrary, it was made expressly contingent on him surviving the testator, and since he predeceased the testator, and such bequest to him lapsed, the trial judge correctly held that these two defendants, the children of E. C. Watkins, were not entitled to any portion of the testator's property which passed under the residuary clause of his will. See in this connection, *Johnson v. Folsom,* 145 Ga. 479 (89 SE 521), and *Hungerford v. Trust Co. of Ga.,* 190 Ga. 387 (9 SE2d 630). Compare *Terry v. Chandler,* 172

Ga. 715, 720 (158 SE 572), where the bequest, unlike the one here involved, was absolute and without remainder or limitation and where this court held: "The legacy to her [testator's daughter] having lapsed by her death before the death of the testator, the interest in the estate given to his daughter, the same being absolute and without remainder or limitation, and this daughter having left issue living at the death of the testator vested in such issue as if inherited directly from the deceased grandfather. Code 1910, § 3906 [now § 113-812]."

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 15, 1966—DECIDED MARCH 10, 1966.

*Higgins & Biddle, Kenneth D. Higgins, Joseph B. Bergen,* for appellants.

*Ernest P. Rogers, Albert C. Tate, Jr., Henry J. Miller, Avary Dimmock, Jr., Hugh Howell, Sr., Benjamin L. Johnson, Alex Smith, Jr., Herman Spence, J. E. B. Stewart,* for appellees.