24556.   WILLIAMS et al. v. WHITEHURST et al.

SUBMITTED MARCH 12, 1968—DECIDED APRIL 9, 1968.

*Joe W. Rowland,* for appellants.
*Irwin L. Evans, B. B. Hayes, E. L. Stephens, Jr.,* for appellees.

NICHOLS, Justice. ■ The first question to be decided is whether the will was ambiguous so as to permit the introduction of parol evidence to aid in its construction as is permitted by *Code* § 113-807. The trial court's judgment held in part: "In view of Item 3 of the will, the court allowed parol testimony to get to the intention of the testatrix." Assuming that Item 3 which provided for the distribution of mineral rights (when no mineral rights were owned by the testatrix at the time of her death) to three sisters and niece of the testatrix without naming them constitutes an ambiguity subject to explanation by parol (see *Cheney v. Selman,* 71 Ga. 384), yet where Item 4 of the will named the three sisters of the testatrix as well as the niece (and there is no contention that at the time the will was executed or at any time thereafter the testatrix had living any other sister or niece), when the whole will is examined there is no ambiguity. *Carson v. Searcy,* 66 Ga. 550. It has long been held that the term "children" in a will does not include "grandchildren" unless there be something in the will to indicate such an intention by the testator. See *White v. Rowland,* 67 Ga. 546, 554 (44 AR 731), and citations. The fact that there were "grand-nieces" does not require a different result since "niece" in the absence of any other fact appearing would not include "grand-nieces." Thus, the trial court erred in admitting parol evidence to aid in construing the will.

■ The sole remaining question to be decided is the proper disposition of that part of the residue of the estate given under Item 4 of the will to Mattie Stephens Ivey and Louise Ivey Whitehurst.

Mattie Stephens Ivey predeceased the testatrix leaving no issue. The provisions of Item 4, which left various shares of the residue of the estate to named persons in unequal shares, nothing else appearing, must be construed as a devise to individuals and not to a class. Accordingly, the death of Mattie Stephens Ivey prior to the testatrix without issue surviving caused such devise to her to lapse. Under the decisions in *Snellings v. Downer,* 193 Ga. 340 (18 SE2d 531, 139 ALR 860); and *Collier v. Citizens & Southern Nat. Bank,* 206 Ga. 857 (59 SE2d 385), this part of the estate would go to the heirs

at law of the testatrix. Therefore, the share of the estate left by the will to Mattie Stephens Ivey would have to be divided into three shares, one share going to the surviving sister of the testatrix, one share going to the daughter of Mary Louise White-hurst, and one share going to the grandchildren of Millie Ivey Claxton.

The devise to Louise Ivey Whitehurst in Item 4 did not lapse and was properly awarded to her surviving daughter Mary Hart Whitehurst.

*Judgment reversed. All the Justices concur.*