26844.   McNEELY v. McNEELY et al.

Submitted November 8, 1971—Decided December 1, 1971.

*V. D. Stockton,* for appellant.

*Robert B. Struble,* for appellees.

FELTON, Justice. In our opinion the trial court's judgment was correct for the reasons stated in the findings of fact and conclusions of law, which we adopt and quote as follows:

"In construing the will of Thomas B. McNeely, the court finds that Item Six is the controlling residuary clause. This

is evidenced by the fact that it follows Item Three, which is a specific bequest to Mr. McNeely's wife, and Item Four, which is another specific bequest to the McNeely Foundation. After providing for these specific bequests, Item Six requires all the rest and residue of the estate of every kind and description and all property whether real or personal and wherever located be divided into two parts, Part A and Part B. Part A is then by the further terms of Item Six placed in trust for Mr. McNeely's wife.

"The court finds that the property passing under Item Seven is in actuality the remaining part of the residuary determined by Item Six. This is evidenced by the fact that Item Six specifically designates that the residuary be divided into Part A and Part B; and Item Seven actually bequeaths only Part B, which was determined according to the residuary clause in Item Six. The apparent confusion as to which of the two items (whether Item Six or whether Item Seven) of the will is the true residuary clause, is eliminated when one considers the general testamentary intent evidenced by Item Six, that the estate be divided into two parts, Part A and Part B; that Part A is disposed of in Item Six and that Part B is disposed of in Item Seven. In light of the above reasoning, the court finds that the language of Item Seven referring to 'all of the rest, residue and remainder of my property . . .' is superfluous and without effect, since the bequest under Item Seven designated as Part B was determined as to its extent in Item Six. After it once had been determined under Item Six, the language in Item Seven attempting to add further residue to Part B is without effect. This is consistent with the rule followed in Georgia that as a general rule, courts will not reduce a bequest once made (here the residuary in Item 6) by limitations contained in subsequent parts of the will, unless the intent to limit or reduce is clearly and unmistakably manifested. See *McDonald v. Suarez*, 212 Ga. 360 (1956), Headnote 1.

"Thus, construing together Items Six and Seven of the will, the court finds that Thomas H. McNeely and Mrs. Elizabeth H. McNeely, as beneficiaries under the trusts es-

tablished for their benefit, are the sole and only legatees under the will of Thomas B. McNeely. The court further finds that Thomas H. McNeely, on December 14, 1967, irrevocably renounced, disclaimed and refused to accept 26% of the bequest made to him in Item Seven of the will. The court determines that this had the legal effect of a renunciation of 26% of Part B of the residuary. The court finds that this renunciation of a bequest under the will has the same legal effect as a lapse of this particular bequest. See 57 AmJur, Wills, § 1573, and In Re Bradbury's Estate, 53 N. Y. S. 2d 948. Thus, having determined that Thomas H. McNeely and Mrs. Elizabeth H. McNeely, as beneficiaries under the trusts established for their benefit, were the sole residuary legatees and, having further found that the effect of the renunciation of Thomas H. McNeely was to create a lapse as to 26% of Part B as determined under Item Six of the will, the court finds that the distribution of the renounced 26% is controlled by the 1942 Supreme Court case of *Snellings v. Downer,* 193 Ga. 340. There the court held that, where a lapsed legacy of personalty has been given under and by the terms of the residuary clause, the rule to be followed in Georgia is that such lapsed bequest of personalty does not go to the next of kin or heirs of a testator but to the other residuary legatees. Thus, as to the portion of the renounced legacy which was personalty, the court finds that said property passes to Thomas H. McNeely and George B. Ramsay, Jr. as trustees of the trust established for the benefit of Mrs. Elizabeth H. McNeely, the other residuary legatee, under the terms of the trust established in Item Six of the will. This disposition is in keeping with the natural and reasonable presumption, that a testator in executing a will intends to dispose of his whole estate and not to die intestate as to any part of it, and this presumption is overcome only where the intention to do otherwise is clear and unambiguous or is necessarily implied. *Lewis v. Mitchell,* 216 Ga. 526 (1961), Headnote 1.

"Also in accord with *Snellings,* the court finds that a lapsed devise of realty passes to the heirs at law of the tes-

tator and that this is true irrespective as to whether such lapsed devise is given under the residuary clause or otherwise. Thus, the court finds that the portion of the renounced legacy consisting of realty passed to the heirs of Mr. McNeely. The court further finds that the sole and only heirs of Mr. Thomas B. McNeely were Mr. Thomas H. McNeely, son of the deceased, and Mrs. Elizabeth H. McNeely, wife of the deceased. Thus, as to the realty renounced and disclaimed, the heirs at law take in equal portions directly and free from any trust established by the will.

"The court further finds that the residue of the estate (Parts A and B) consisted of 96.97% personal property and 3.03% real property. The court, therefore, finds that 96.97% of the disclaimed property consisted of personal property and that 3.03% of the disclaimed property consisted of real property.

"The executors and trustees are directed to proceed accordingly and it is so ordered."

*Judgment affirmed. All the Justices concur.*