### S94A0973. TUMLIN v. BUTLER et al.
(448 SE2d 198)

CARLEY, Justice.

This case concerns construction of the will of Palina O'Brien. Appellee is the executor of the will and appellant is a nephew of the testatrix who was not named in the will. After a hearing on cross-motions for summary judgment, the superior court denied appellant's motion and granted appellee's motion. Appellant appeals from that order.

The sections of the will to be construed are Items VI and VII. Item VI provides, in relevant part, as follows:

> All the rest, residue and remainder of my estate[, consisting entirely of personal property], including any lapsed or void legacy . . . , shall be divided and distributed as follows:
>
> A. If John Mack Bell survives me, one-fourth (or twenty-five percent) of said residue and remainder of my estate shall be distributed to my Trustee named hereinafter who shall hold such property in trust [for the benefit of John Mack Bell as] set forth in Item VII of this Will;
>
> B. The remaining three-fourths (or seventy-five percent) of said residue and remainder of my estate shall be distributed in equal shares among . . . fourteen [named] persons or their descendants. . . .
>
> C. If any of the persons designated in subparagraph B above shall predecease me leaving no living descendants, then that person's share shall be added equally to the remaining shares and shall be distributed as if originally a part of said shares.

Item VII provides, in relevant part, as follows:

> Upon the death of John Mack Bell, all of the property then remaining in this Trust shall be distributed in equal shares among the persons named in Item VI, Paragraph B, who are living at the time of such distribution.

John Mack Bell, the testatrix's brother, predeceased the testatrix.

The superior court held that, as a matter of law, the other 14 residuary legatees, who are nephews and nieces of the testatrix, are entitled to the property designated for Mr. Bell.

There was a lapse of the legacy to Mr. Bell in Item VI. *Powell v. Watkins*, 221 Ga. 851 (148 SE2d 303) (1966). "A lapsed or void legacy of personal property shall fall into the residuum and go to the residuary legatee." OCGA § 53-2-104 (a).

> [Even] where a lapsed legacy of personalty has been given under and by the terms of the residuary clause, the rule to be followed in Georgia is that such lapsed bequest of personalty does not go to the next of kin or heirs of a testator but to the other residuary legatees.

*McNeely v. McNeely*, 228 Ga. 418, 421 (186 SE2d 105) (1971). See also *Snellings v. Downer*, 193 Ga. 340, 349 (4) (18 SE2d 531) (1942). Thus, as a matter of law, the property designated for Mr. Bell passes to the other 14 residuary legatees.

> This disposition is in keeping with the natural and reasonable presumption, that a testator in executing a will intends to dispose of his whole estate and not to die intestate as to any part of it, and this presumption is overcome only where the intention to do otherwise is clear and unambiguous or is necessarily implied. [Cit.]

*McNeely v. McNeely*, supra at 421.

In certain cases where the residuum was given to named persons in distinct parcels or in unequal shares, this court has held that a lapsed legacy did not go to the residuary legatees because it was " 'manifest from the will that the testator did not intend that the residuary legatees, from the nature of the bequests or devises to them, should take any part of a legacy . . . .' " *Snellings v. Downer*, supra at 349 (4). *Silcox v. Nelson*, 24 Ga. 84, 90 (2) (1858); *Williams v. Whitehurst*, 224 Ga. 246, 248 (2) (161 SE2d 507) (1968). In the instant case, however, the will specifically provided that, if Mr. Bell survived the testatrix, the portion of the residuum designated for him was to be held in trust only until his death, whereupon the trust property would go to the same persons who received the remaining portions of the residuum. Therefore, a construction of the will as a whole, including both the residuary clause and the remaining testamentary language, does not manifest a clear and unambiguous, or even a necessarily implied, "intention to take from the [14 remaining] residuary legatees any lapsed shares of personalty which would go to them under [OCGA § 53-2-104 (a)]. . . ." *Snellings v. Downer*, supra at 350 (4).

It follows that the superior court correctly granted appellee's mo-

tion for summary judgment and denied appellant's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994.

*Sherrod & Bernard, Kenneth R. Bernard, Jr.,* for appellant.
*E. B. Jones, Jr.,* for appellees.