(No. 11221.—Reversed and remanded.)

PATRICK S. WELCH *et al.* Defendants in Error, *vs.* CATHARINE T. CROWE *et al.*—(JOHN O'CONNELL *et al.* Plaintiffs in Error.)

*Opinion filed April 19, 1917.*

1. WILLS—*general rule as to devise over in case of death of first taker.* Where there is a devise *simpliciter* to one person and in case of his death to another, there being no contingent or doubtful circumstances connected with such death, the testator will be presumed to intend a death preceding his own, but if the devise over is to take effect in case of the death of the first taker under circumstances which may or may not take place, the devise over, unless controlled by other provisions of the will, will take effect upon the death of the first taker under the circumstances specified, either before or after the death of the testator.

2. SAME—*when death without issue means death before death of life tenant.* Where a gift over is preceded by a particular estate the gift over will usually take effect if the contingency happens at any time during the period of the particular estate, and in such case death without issue means death before the death of the

life tenant, unless the will shows that the testator intended to refer to a later date than the termination of the life estate. (*Lachenmyer* v. *Gehlbach,* 266 Ill. 11, followed.)

3. SAME—*construction of gift over to survivor in case of death, without issue, of one of two grandchildren.* Where a testator gives a life estate in land to his wife, and provides that after her death his two grandchildren shall receive for their benefit the income from certain property until the younger is twenty-one years old, when each shall take a certain part of the land in fee simple, but if either shall die without issue the survivor shall take his share, death without issue means death during the existence of the two particular preceding estates and hence prior to the time the younger grandchild shall be twenty-one years old.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. JOHN H. MOFFETT, Judge, presiding.

RYAN, CONDON & LIVINGSTON, for plaintiffs in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Patrick O'Connell died testate in Woodford county on January 21, 1898. On November 2, 1899, his executor filed a bill in the circuit court of Woodford county for the construction of his last will and testament. John O'Connell and James O'Connell, plaintiffs in error, are grandsons and devisees of the testator. At the time of the hearing of the bill for the construction of the will plaintiffs in error were minors and were represented by a guardian *ad litem.* Since becoming of age, and within the time allowed them under the law, they have sued out this writ of error to review the decree entered in that proceeding. The decree construed the will in several particulars which are not complained of here. The construction complained of is in reference to the second and third clauses or paragraphs of the will. By the second clause of the will the testator devises to his wife a life estate in all his real estate. The third clause of the will is as follows:

"It is my will and desire that after the death of my beloved wife, Catharine P. O'Connell, my two grandchildren, John and James O'Connell, shall receive for their benefit

the income from the following described property, to-wit:
[Here follows the description of 180 acres of land in Woodford county.] Each child shall be allowed the sum of $300
per year out of the income for their support until the
youngest shall have arrived at the age of twenty-one, then
the said John O'Connell shall take in fee simple the property described as follows: [Here follows the description
of 100 acres of said land.] And my said grandchild James
O'Connell shall take in fee simple the following described
property, to-wit: [Here follows the description of the remaining 80 acres of said land.] Should either grandson
die leaving children the children of said deceased grandchild shall receive the portion of their father, but should
either of my said grandchildren die without issue the devise to said grandchild shall go to the one surviving."

In construing this clause of the will the chancellor decreed that the respective devises of real estate made therein
to plaintiffs in error were "each subject to the contingent
devise over in case of death of either of said infant defendants without issue."

It is contended that the estates devised by the third
clause to plaintiffs in error upon the younger of them attaining the age of twenty-one years were vested remainders
in fee, subject to be divested in the event of the death
of either of them before the younger attained the age of
twenty-one years, with executory devises over if such remainders should be divested. The devises to plaintiffs in
error in this will are, in effect, the same as the devises construed in *Lachenmyer* v. *Gehlbach,* 266 Ill. 11, and *Sheley*
v. *Sheley,* 272 id. 95. In those cases we held that the rule
applicable is, that where there is a devise *simpliciter* to one
person and in case of his death to another, there being no
contingent or doubtful circumstance connected with such
death, the testator will be presumed to intend a death preceding his own; but if the devise over is to take effect
in case of the death of the first taker under circumstances

which may or may not take place, the devises over, unless controlled by other provisions of the will, will take effect upon death of the first taker under the circumstances specified, either before or after the death of the testator. We further stated in the *Lachenmyer case, supra,* that when a gift over is preceded by a particular estate the gift over will usually take effect if the contingency happens at any time during the period of the particular estate, and that in such case death without issue means death before the death of the life tenant, unless the will shows that the testator intended to refer to a later date than the termination of the life estate. Here we have gifts over preceded by two particular estates: First, the life estate of Catharine P. O'Connell, widow of the testator; and second, the interests devised to the plaintiffs in error during the minority of the younger of them in case Catharine P. O'Connell should die during such minority. As there is nothing in the will referring to a later date, under the holdings in the cases above cited the testator referred to the death of either of plaintiffs in error during the existence of the two particular preceding estates. Not only is there no expression in the will referring to a later date, but the language employed so clearly indicates the intention of the testator that the death of either of plaintiffs in error referred to such death prior to the time the younger had attained the age of twenty-one years that the application of the rule seems unnecessary. As the devises over could only take effect upon the death of plaintiffs in error, or one of them, before the younger had attained the age of twenty-one years, the decree of the circuit court did not accurately and definitely construe the third clause of the will so as to define the estates devised to the plaintiffs in error.

The decree is reversed and the cause is remanded to the circuit court, with directions to enter a decree in conformity with the views herein expressed.

*Reversed and remanded, with directions.*