Continental Illinois National Bank and Trust Company of Chicago, Trustee under Article Third of the Last Will and Testament of William H. Reid, Deceased, Appellee, v. Martha Kane et al., Appellees. Continental Illinois National Bank and Trust Company of Chicago, Executor of Last Will and Testament of Caroline Whittlesey Reid Reynolds, Deceased, and Henry James Reynolds, Appellants.

Gen. No. 41,384.

Opinion filed January 22, 1941.

McCulloch, McCulloch & McLaren, of Chicago, for certain appellant; Frank H. McCulloch and Ned P. Veatch, of Chicago, of counsel.

Baker, Holder & Hagstrom, of Chicago, for certain other appellant; Joseph G. Hagstrom, of counsel.

McKinney, Folonie & Grear, of Chicago, for certain appellee; Thomas M. Kavanagh and C. Oscar Carlson, both of Chicago, of counsel.

Adamowski, Sallemi, & Crowley, of Chicago, for certain other appellees; Benjamin S. Adamowski, James V. Sallemi and Joseph B. Crowley, of counsel.

Mr. Presiding Justice Hebel delivered the opinion of the court.

This is an appeal by the defendants, Continental Illinois National Bank and Trust Company of Chicago, as executor of the last will and testament of Caroline Whittlesey Reid Reynolds, deceased, and Henry James Reynolds. The appeal is from a decree entered by the court in an action brought by the Continental Illinois National Bank and Trust Company of Chicago, as trustee under the last will and testament of William H. Reid, deceased, for the construction of said will, and for advice and direction of the court with respect to the distribution of the property remaining in trust upon the death of Martha Kane, who is still living, and for advice and direction with respect to the distribution of surplus current income of said trust.

The court determined by its decree that William H. Reid did by his will devise and bequeath his entire

estate and that no part thereof is intestate; that by the first paragraph of paragraph (f) of Article Third of said will and by the first clause of Article Fifth thereof, said testator created in Caroline Whittlesey Reid, Lucy Reid Milner, Mary Alma Reid, Lafa C. Reid, and Lyman Reid a vested remainder in the corpus of the trust estate established by said Article Third remaining after the death of the last survivor of the annuitants mentioned in paragraph (c) of said Article, and a vested remainder in the surplus income of said trust estate remaining after the payment of the annuities provided to be paid by the provisions of said paragraph (c), subject only to the rights of the persons mentioned in paragraph (d) of said Article Third, or the survivor of them, to receive said surplus income during the lifetime of the persons named in said paragraph (d), which said vested remainder in said corpus and said vested remainder in said surplus income vested in said persons on the death of said testator; that by the proviso contained in the second clause of said Article Fifth the testator created a condition subsequent upon the happening of which said vested remainder in the corpus of said trust estate was to be divested or partially divested, but that said condition subsequent, by reason of the death of all of said residuary legatees during the lifetime of Martha Kane, who is the last survivor of said annuitants and who is still living, has failed to happen and can never happen and said condition, therefore, falls; that until the death of Martha Kane, the plaintiff, as trustee, shall, from time to time, distribute the income of said trust estate not required for the payment of the annuity payable to Martha Kane to the persons and in the proportions hereinafter set forth, and that upon the death of said Martha Kane the trustee shall pay over and deliver the principal of the trust estate established under said Article Third, less the trustee's proper fees and expenses, to the persons and in the proportions hereinafter set forth, namely:

(a) One third thereof to Continental Illinois National Bank and Trust Company of Chicago, as executor of the last will and testament of Caroline Whittlesey Reid Reynolds, deceased;

(b) One thirtieth thereof to Paul C. Milner;

(c) One thirtieth thereof to Wilma R. White;

(d) One thirtieth thereof to Rachel M. McConahey;

(e) Two thirtieths thereof to Madeleine W. Milner;

(f) One sixth thereof to Joseph W. Reid;

(g) Two sixths thereof to Continental Illinois National Bank and Trust Company of Chicago and Frank F. Taylor, as executors of the last will and testament of Lafa C. Reid, deceased.

The decree was entered on the findings of the court.

Answers to the bill of complaint were filed by defendants, Continental Illinois National Bank and Trust Company of Chicago, as executor of the will of Caroline Whittlesey Reynolds, deceased, Henry James Reynolds, Wilma R. White, Madeleine W. Milner, Rachel M. McConahey, Paul C. Milner, and Frank F. Taylor, and Continental Illinois National Bank and Trust Company of Chicago, as executors of the last will and testament of Lafa C. Reid, deceased, which answers, together with the amended Answer of Joseph W. Reid, and the bill of complaint constitute the pleadings in this case.

The theory of Continental Illinois National Bank and Trust Company of Chicago, as executor of the last will and testament of Caroline Whittlesey Reid Reynolds, deceased, and Henry James Reynolds, appellants, is as follows: Article Third of the will directs that absolute legal title to certain securities be taken by Illinois Trust and Savings Bank, as trustee, for the principal benefit of Mrs. C. C. Sturtevant, Mrs. Elmira Dustin, and Martha Kane, who is still living. Said trustee was directed to pay them certain annuities, which were to be paid from the trust income and the corpus, if the income should prove inadequate. Upon the death of the last surviving annuitant, when the trust has served

its purpose, the trustee is directed to distribute what might then remain of the trust corpus to testator's wife, brother, and sisters, or the survivors or survivor of them, all of whom had been provided for by other provisions of the will, and all of whom are now dead. It is evident that William H. Reid's main purpose in setting up the trust was to provide for said annuitants until the death of the last survivor of them and that he made no gift or provision for distribution of any part of the corpus of the trust fund to take any effect until the death of the last survivor of them. The corpus that may remain in said trust at the time of the death of the last surviving annuitant, Martha Kane, who is still living, is directed to be paid to persons now deceased, and is therefore lapsed and intestate personal property. Likewise the surplus income after payment of the annuity to Martha Kane is directed to be paid to persons now deceased, and therefore is also lapsed and intestate personal property. The intestate personal property of William H. Reid should be distributed to Continental Illinois National Bank and Trust Company of Chicago, as executor of the last will and testament of Caroline Whittlesey Reid Reynolds, deceased.

The appellees' theory of the case is that William H. Reid by his will intended to and did give to his wife, Caroline Whittlesey Reid Reynolds, his sisters, Mary Alma Reid, Lafa C. Reid and Lucy Reid Milner, and his brother, Lyman Reid, all of his real and personal property; that the interest of such devisees and legatees vested in them immediately upon the death of William H. Reid; that the vesting of the enjoyment and possession of a certain portion of the personal property (in controversy here), which portion was to be determined by the executor, was deferred solely for the purpose of letting in a prior right of named annuitants to receive certain of the income of the withheld personal property for life, and not for any

reason personal to Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner, or Lyman Reid; that such vested remainder or interest of Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid, was subject to be divested by the death of one or more of them and the survival of one or more of them upon the termination of the trust estate; that Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid having all died prior to the termination of the trust, the condition subsequent which would work a divestiture cannot happen; that upon the termination of the trust, the corpus of the trust estate is to be distributed to the heirs or personal representatives of Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid, and that all of the income over and above that necessary to pay the annuity to Martha Kane, in accordance with the provisions of the will of William H. Reid, since the date of the death of Martha Kane (now the only surviving annuitant) is to be distributed to the heirs or personal representatives of Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid. Further, appellees say that the court did not err in determining that the surplus income from the trust estate not required for the payment of the annuity to Martha Kane and the property remaining in the trust estate upon her death, less proper fees and expenses, should be distributed to the persons and in the proportion set forth in the decree, because under the Third and Fifth Articles of the will of William H. Reid the said Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid, had a vested interest in remainder in the corpus and surplus income of the trust immediately upon the death of William H. Reid, which

vested interest was subject to be divested only upon the happening of the conditions subsequent contained in the will—namely the death of all of the annuitants during the lifetime of one or more of said named legatees; and that one of the annuitants having survived all the named legatees the condition subsequent upon which the vested interest in remainder of the legatees could be divested cannot now happen. The estates of the legatees cannot now be divested. Therefore, the corpus of the trust estate remaining at the death of the last annuitant, Martha Kane, and the surplus income from time to time available should be distributed to the heirs or personal representatives of the legatees.

From the brief of Joseph W. Reid, appellee, it is urged that appellant's statement of facts is incomplete, and should be supplemented by a statement of the provisions of the will of William H. Reid, and certain other matters not mentioned by appellants. By Article First of the will the executor is to pay all of the debts and funeral expenses; by Article Second, one-third of all the personal property and estate is given and bequeathed to his wife, Caroline Whittlesey Reid Reynolds. Caroline Whittlesey Reid Reynolds is given a life estate in two residences and certain personal property therein contained, and subject to such life estate the premises and goods and chattels are given and devised to Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid, or to those of them surviving at the testator's death; by Article Third, the executor is directed to set apart securities which should in its discretion be sufficient to pay an annuity of $1,500 per annum to Mrs. C. C. Sturtevant; $1,000 per annum to Mrs. Elmira Dustin; and $300 per annum to Martha Kane. Said securities are given to the Illinois Trust & Savings Bank in trust, to pay the annuities out of the income or principal of the trust. The proceeds of Policy No. 60066 of the Travelers Insurance Com-

pany of Hartford, Connecticut, are directed to be used for the payment of the annuities so far as they may extend. Any surplus of net income in any year from the trust estate is directed to be paid to Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner, and Lyman Reid or to those of them surviving from time to time in the following manner:

So long as more than three of such persons be living, including Caroline Whittlesey Reid Reynolds, Caroline Whittlesey Reid Reynolds is to receive in each case one third of the surplus income so distributed and the remainder is to be equally divided between Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner, and Lyman Reid, or those surviving.

If only three or any less number of such persons be living, the surplus income is to be equally divided between them.

After the death of Caroline Whittlesey Reid Reynolds, it is directed that Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner, and Lyman Reid, or those of them surviving, shall from time to time receive the surplus income in equal parts.

The last survivor of Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid, after the death of all the others is to take the whole of such surplus income. Upon the death of the last survivor of the annuitants, all of the securities and property set apart for the payment of annuities are directed to be "forthwith paid over, conveyed and delivered by my said Trustee as a part of my residuary estate to the persons named and in the proportions specified in Article Fifth of this Will." Provision is made for the distribution of the income from the insurance policy upon the commutation thereof if any part of the proceeds of the policy remained unpaid at the death of the last annuitant, which provisions are immaterial.

By Article Fourth of the will there is bequeathed to the three sisters of the testator, Mary Alma Reid, Lafa C. Reid and Lucy Reid Milner, the sum of $30,000 each and to his brother, Lyman Reid, the sum of $15,000.

Article Fifth provides: "I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and, mixed, (including all lapsed legacies, and including the property held in trust under the provisions of Article 'Third' of this will when the same comes under the operation of this Article and the value of annuities under said insurance policy if commuted as above provided in Article 'Third') to the following persons and in the following proportions, to-wit: One-third (1/3) thereof to my wife Caroline Whittlesey Reid; One-sixth (1/6) thereof to each of my three sisters, Mary Alma Reid, Lafa C. Reid and Lucy Reid Milner; One-sixth (1/6) thereof to my brother, Lyman Reid."

It is contended by the appellants and suggested to this court that it is alleged in the complaint and admitted in the answer of all appellees except Joseph W. Reid and is obvious from the language of the will of William H. Reid that in the event, which happened, of the deaths of Caroline Whittlesey Reid, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner, and Lyman Reid prior to the death of the last survivor of the annuitants there is no provision in said will directing the distribution of the corpus that may remain in said trust at the time of the death of the last surviving annuitant and there is no provision directing the distribution of the surplus income of said trust not required to pay the annuity to Martha Kane. Appellants point out, as bearing upon the question in this case, that: (1) What may remain of the corpus of said trust at the time of the death of the last surviving annuitant, who is still living, is given and directed to be paid at that time to persons now deceased and is therefore lapsed

and intestate property; (2) similarly the surplus income of said trust after payment of the annuities is given and directed to be paid to the same persons who are now deceased, and is therefore lapsed and intestate property, and that said surplus income will not fall into and become a part of the residue provided for in Article Fifth of said will as the same persons to whom the surplus income would be distributable under Article Third of said will, if they were alive, are the beneficiaries of the residue under Article Fifth; (3) if a testator in the disposition of his property by will, overlooks a particular or unexpected event, which had it occurred to him he would have provided for in all probability, the court will not rectify the omission by implying or inserting the necessary clause; and (4) the intestate personal property of William H. Reid, who died leaving surviving him his widow, Caroline Whittlesey Reid, but no descendant should be distributed to Continental Illinois National Bank and Trust Company of Chicago, executor of the last will and testament of Caroline Whittlesey Reid Reynolds, deceased, formerly Caroline Whittlesey Reid.

Upon this question the appellees in their contention state that the will of William H. Reid contains express provisions directing the vesting in interest of the corpus and surplus income of the trust established under Article Third and unless such vested interest is divested by the happening of one of the contingencies provided in the will the corpus of the trust will vest in possession and enjoyment in the heirs or personal representatives of the legatees upon the death of the last annuitant, and the surplus income when distributed from time to time. The intention of the testator as expressed in his will is controlling. The corpus and surplus income of the trust cannot pass as intestate property if the interest or remainder of the wife, sisters and brother of the testator is vested. Appellees then go on to point out that the testator, having given a

vested interest to his wife, sisters and brother in the trust estate and having failed to provide for the divestiture of such interest in the event which has here occurred, the remainder passes to the heirs or personal representatives of the legatees, their contention being that the lower court correctly determined that Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid under the will of William H. Reid and at the time of his death acquired a vested remainder and transmissible interest in what might remain of the corpus of the trust after the death of the last survivor of the annuitants and in the surplus income of the trust remaining after the payment of the annuities.

As we have already indicated, the appellees urge that the sole question upon this appeal is whether or not the construction placed upon the will of William H. Reid by the chancellor ascertained and gave effect to the true intention of the testator. The appellants contend that in the circumstances which have transpired in the 30 years since the testator's death, no intention whatsoever is disclosed by the will as to the disposition of the corpus and surplus income thereof. Therefore, they say, the corpus and surplus income became intestate personal property to be distributed to the appellant bank in its capacity as executor of the last will and testament of Caroline Whittlesey Reid Reynolds to be in turn distributed by it, one half to go to Henry James Reynolds, the successor husband of the wife of William H. Reid, and one half to pass under the will of Caroline Whittlesey Reid Reynolds to be applied to the payment of unpaid general legacies.

The appellees contend further that, as the decree of the chancellor found, that the intention of William H. Reid expressed in his will was to give all of his property and estate to those persons who were the natural objects of his bounty, his wife, sisters and brother; that he intended all of his property to pass under his

will; that he employed suitable language in his will clearly evidencing his intention that the corpus of the trust estate and the surplus income thereof vested in interest immediately upon his death; that the vesting in possession and enjoyment was deferred solely for the convenience of the funds or estate and not for any reason personal to the legatees; that he intended that no part of his estate was to pass as intestate property, and that he intended that, upon the death of each of the legatees, their vested interest was to pass to their heirs or personal representatives and, unless there were one or more of the legatees surviving to take by way of substitutionary gift, the corpus of the trust upon the death of the last annuitant, and the surplus income as distributed from time to time, was to vest in possession and enjoyment in the heirs or personal representatives of the legatees.

The question that is before us upon this appeal is whether the construction placed upon the will of William H. Reid by the chancellor ascertained and gave effect to the true intention of the testator. As we have indicated, the appellants contend that in the circumstances that have transpired in the 30 years since the testator's death, no intention whatsoever is disclosed by the will as to the disposition of the corpus and surplus income thereof. Therefore, they say, the corpus and surplus income became intestate personal property to be distributed to the appellant bank in its capacity as executor of the last will and testament of Caroline Whittlesey Reid Reynolds to be in turn distributed by it, one half to go to Henry James Reynolds, the successor husband of the wife of William H. Reid, and one half to pass under the will of Caroline Whittlesey Reid Reynolds to be applied to the payment of unpaid general legacies.

In order that we may consider the questions that are before this court in the instant litigation and pass upon the intention of the testator, it will be necessary to

consider the several provisions of the will. One of the provisions is Article Third which directed that upon the death of the last survivor of the annuitant " . . . all the securities and property set apart as aforesaid for the payment of said annuities shall be forthwith paid over, conveyed and delivered by my said trustee as a part of my residuary estate to the persons named and in the proportions specified in Article Fifth of this will." From this provision, and as suggested by the appellees, it is. clearly a direction by the testator to "divide and pay over," at a future time to persons presently in being and upon the happening of an event certain to happen, funds, payment of which had been withheld from the persons named solely for the convenience of the fund or estate, and not for any reason personal to the beneficiaries or legatees. In the consideration of the provisions of the will to reach the construction which the testator had in mind, it is necessary to consider the above Article. Third together with Article Fifth of the will, which provides, "I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed (including all lapsed legacies, and including the property held in trust under the provisions of Article 'Third' of this will when the same comes under the operation of this Article and the value of annuities under said insurance policy if commuted as above provided in Article 'Third'), to the following persons and in the following proportions, to-wit: One-Third (1/3) thereof to my wife, Caroline Whittlesey Reid; One-Sixth (1/6) thereof to each of my three sisters, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner; One-Sixth (1/6) thereof to my brother, Lyman Reid." From this provision the testator gave, devised and bequeathed all the rest, residue and remainder of his estate to his wife, sisters and brother in specified proportions, and this gift became effective immediately upon his death and the language used in his will then

became operative as words of immediate and express gift. The further provision as to the divesting of the interests conveyed by the words of gift does not serve to make the interest of the wife, sisters and brother contingent. From a citation called to our attention in *Spitz on Conditional and Future Interests in Property,* it is said (p. 35); "if, after words importing a gift of an absolute interest, a proviso is added which may defeat it, the remainder is vested subject to divestment on condition subsequent."

In Article Third, as is well said in the brief of one of the parties, the testator directs the trustee to look to Article Fifth to ascertain only to whom and in what proportion payment is to be made. Upon the question of the "divide and pay over" rule, the exception is stated in the case of *Nicol v. Morton,* 332 Ill. 533, at page 540, as follows:

"A bequest of personal property, though made wholly by direction to distribute at the termination of a prior estate, will vest at once, the right of enjoyment only being postponed, where the distribution is not postponed for reasons personal to the legatee but merely to let in prior estates. (*Carter v. Carter, supra; Pearson v. Hanson,* 230 Ill. 610; *Dee v. Dee,* 212 id. 338; *Scofield v. Olcott,* 120 id. 362.) In *Easton v. Hall,* 323 Ill. 397, on page 417, this court said: 'The rule is that a bequest contained only in a direction to divide or pay at a future time or upon the happening of a future event does not vest until the time of payment arrives. This rule, however, is subject to an exception that where the division, transfer or payment is postponed, not for any reason personal to the legatee but for the convenience of the estate, as, to enable the application of the property to the use of a prior taker, the gift will be regarded as vesting at the time the will takes effect, the right of enjoyment only being deferred.' " The rule as stated in *Nicol v. Morton, supra,* is supported, as stated, in the cases of *Dee v.*

*Dee,* 212 Ill. 338; *Harvard College v. Balch,* 171 Ill. 275 and *People v. Allen,* 313 Ill. 156. The court in its opinion in *Pearson v. Hanson,* 230 Ill. 610, made the statement that:

"The other branch of the rule is, that if the payment was postponed for the convenience of the property or fund then there is an immediate vesting of the title and the postponement merely respects the time of enjoyment, even though there be no other gift than the general direction to pay or distribute at the appointed time."

It is contended by the appellee and is submitted that the direction to the trustee contained in Article Third of the will of William H. Reid brings this case squarely within the rule so uniformly announced by the Illinois courts. By reason of such rule the interest of Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid became vested immediately upon the death of William H. Reid and were estates of inheritance. It is not contended that if one or more of the five legatees survived the last annuitant the surplus income and corpus of the trust would be payable to them under the condition subsequent or proviso of Article Fifth, but as will be hereinafter noted the contingency which would divest the interest of Caroline Whittlesey Reid Reynolds, Mary Alma Reid, Lafa C. Reid, Lucy Reid Milner and Lyman Reid has not and cannot happen so that upon the death of each of those persons their vested interest passed to their heirs.

The familiar "divide and pay over rule," with its term "convenience of the fund," and the exception to this rule, has been defined to mean several things but is principally instanced as the letting in of a prior gift for life to another. It would appear from the language that was used by William H. Reid, the testator, that he had no other intention in providing for the setting up of the trust than to defer the vesting in possession and

enjoyment only of the corpus and surplus income for the life of the annuitants, and as we have already indicated this was not for any reason personal to the legatees and was solely for the convenience of the fund or estate. In addition to the provision of Article Third of the will of testator directing the trustee to "divide and pay over" the corpus of the trust, upon the death of the last annuitant, to certain named persons in definite proportions, which standing alone is sufficient to create vested interests in the parties who are before this court, the intention of the testator is clearly expressed when we consider Article Fifth of the will. While this may be a repetition, still it is well to have in mind the words of the will in considering what the intention of the testator was, and this Article Fifth provides:

"I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed (including all lapsed legacies, and including the property held in trust under the provisions of Article 'Third' of this will when the same comes under the operation of this Article and the value of annuities under said insurance policy if commuted as above provided in Article 'Third'), to the following persons and in the following proportions, to-wit:" and then the will provides for the division of his property to his wife, sisters and brother. This gift became effective immediately upon his death and the language used in his will then became operative as words of immediate and express gift, as we have already stated in this opinion.

In *Lachenmyer v. Gehlbach,* 266 Ill. 11, the testator, after giving a life estate in all of his property to his wife, directed that after her death all of said property was "to go to my children share and share alike," the children of a deceased child to take the share of the parent "and should any of my children die leaving no issue, then the share of such deceased child shall be

divided equally among my surviving children." The court upon this question said:

"A test which is generally regarded as sufficient to determine the question and which has been generally adopted is stated as follows: 'If the conditional element is incorporated into the description of or into the gift to the remainder-man then the remainder is contingent, but if, after words giving a vested interest, a clause is added divesting it the remainder is vested. Thus, on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested subject to be divested by its death. But on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent.' (Gray's Rule Against Perpetuities, sec. 108.)" When we examine the will it is apparent that the testator left all his property to those who were closest to him in relationship and were the natural objects of his bounty. It certainly was not the testator's intention that the property under the conditions as they have developed should go to his wife's heirs to the exclusion of his own heirs; or that half of the trust property, under the circumstances which have transpired since the testator's death, should go to his wife's next husband and the other half to be distributed under his wife's will. It is contended by appellee that if there be any question of the construction to be placed upon the language of the will where the testator has employed words which might be susceptible of different interpretations, it is well established that in such event it is the policy of the law to hold that the estate is vested. The language used in *Mettler v. Warner,* 243 Ill. 600, states: "The law favors the vesting of estates, and in cases where the instrument is susceptible of two constructions the law inclines to favor the construction most favorable to the devisee or grantee rather than the construction which would be against his interest."

To the same effect is *Hoblit v. Howser*, 338 Ill. 328, which approves the rule called to our attention that the law favors the vesting of estates and will construe the terms of a will as creating a vested estate, if possible. Several other cases have been called to our attention by the parties, but we have reached a conclusion as indicated—that the estate was vested in the several persons named in the last will and testament of William H. Reid, and, therefore, under the conditions as appear from this record, the heirs of the several persons named will inherit on the death of the last annuitant, Martha Kane, who is alive. Therefore, from what has been said, we believe that we have passed upon the several questions called to our attention, and we believe that the court did not err in entering the decree which is on appeal here now in this court.

Therefore, the decree is affirmed.

*Affirmed.*

Denis E. Sullivan and Burke, JJ., concur.