COMMISSIONER OF INTERNAL REVE-
NUE v. SPIEGEL'S ESTATE et al.

No. 8932.

Circuit Court of Appeals, Seventh Circuit.

Dec. 28, 1946.

Rehearing Denied Jan. 23, 1947.
Writ of Certiorari Granted April 28, 1947.
See 67 S.Ct. 1202.

Sewall Key, Acting Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., J. P. Wenchel and John T. Rogers, Bureau of Internal Revenue, both of Washington, D. C., Douglas W. McGregor, Asst. Atty. Gen., and Melva M. Graney, Atty., Department of Justice, of Washington, D. C., for petitioner.

Herbert A. Friedlich, Paul M. Godehn, Louis A. Kohn and Harry Thom, all of Chicago, Ill. (Mayer, Meyer, Austrian & Platt, of Chicago, Ill., of counsel), for respondent.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is an appeal by the Commissioner of Internal Revenue from a decision of the Tax Court excluding from the provisions of the Estate Tax Law[1] the corpus and certain accumulated income thereon of an inter vivos trust executed by one Sidney M. Spiegel. The property conveyed in trust to Spiegel and another as trustees consisted of certain stocks. The trust provisions, as far as material here, are set forth in the margin.[2]

The chief question for us is whether the

---

[1] Internal Revenue Code, Sec. 800 et seq., 26 U.S.C.A. Int.Rev.Code, § 800 et seq.

[2] "2. The Trustees, and the survivor of them, and any successor trustee, shall collect and receive all income derived therefrom, or from any substitutes therefor, and shall during the life of myself, said Sidney M. Spiegel, divide said net income into three (3) equal parts, and pay or use one of said parts of said income to or for the maintenance, support and education of each of my three (3) children, Katherine J. Spiegel, Sidney M. Spiegel, Jr., and Julia K. Spiegel,—such income to be distributed at convenient intervals each year. In the event that any of my said three (3) children shall die prior to my death, then the share of such income to which such deceased one of said three (3) children would have been entitled shall go to the child or children of such deceased child of mine, in equal parts, and if there be no such child or children of any such deceased child of mine, then such income shall be divid-

transfer in trust, executed in 1920, was intended to take effect in possession or enjoyment at or after the grantor's death within the meaning of Sec. 811(c) of the Internal Revenue Code.[3]

If the trust provisions in this case had been made by will, the property would have been taxable. Did the settlor of the trust avoid the incidence of such tax by the execution of an inter vivos agreement?

The taxpayer contends that since the beneficiaries took a vested interest as to the corpus by the terms of the trust and had enjoyed the income therefrom during the settlor's life, the latter had completely divested himself of all interest in and to the property comprising the trust, and therefore there was nothing left to be taxed. This, it is claimed, is in accordance with the law of Illinois which the taxpayer contends is controlling. Under the Illinois law, the taxpayer argues, the beneficial interests transferred by this trust were vested and could be divested only by the strict and literal happenings provided in the trust instrument, and in no event could there be any property interest remaining in the settlor, nor could there be any possibility of the property ever reverting to the settlor or his estate, apart from the possibility that he might take by inheritance from the deceased beneficiaries.

To support this proposition the respondent taxpayer cites certain Illinois cases.[4] These are cases involving property which was disposed of by will. In such cases the rights of the parties vest and are fixed at the death of the testator. There can be no divesting of such rights except as provided in the will. We think it could not be disputed that if there were no takers under the will at the time of the testator's death, the property would be intestate property. Belleville Bank v. Aneshaensel, 298 Ill. 292, 131 N.E. 682; Dorsey et al. v. Dodson et al., 203 Ill. 32, 67 N.E. 395.

To have a case analogous to the possible case under the instant trust, you would have to have a situation where all takers were dead at the testator's death. In tax cases, we do not necessarily deal with situations as they are, but with situations *as they may be*. By the express terms of the trust under consideration, the beneficiaries could never take the full possession and enjoyment of the corpus of this trust except upon the condition provided in the trust instrument that some of the beneficiaries survive the settlor. If all of the beneficiaries were dead at the time the settlor died, and that was a possibility, the trust would fail. Thus there was a property interest remaining in the settlor that was terminated

---

ed equally among the survivors of said three (3) children of mine, and their descendants, per stirpes and for per capita.

"3. Upon my death, the said Trustees, and the survivor of them, or any successor Trustee, shall divide said trust fund, and any accumulated income thereon then in the hands of said Trustees, equally among my said three (3) children, and if any of my said children shall have died, leaving any child or children surviving, then the child or children of such deceased child of mine shall receive the share of said trust fund to which its or their parent would have been entitled, and if any of my said three (3) children shall have died without leaving any child or children him or her surviving, then the share to which such deceased child of mine would have been entitled shall go to my remaining children, and the descendants of any deceased child of mine per stirpes and not per capita."

3 "Sec. 811. Gross Estate.

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

"(c) Transfers in contemplation of, or taking effect at death. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, \* \* \* except in case of a bona fide sale for an adequate and full consideration in money or money's worth. \* \* \*" 26 U. S.C.A. Int.Rev.Code, § 811.

4 Welch v. Crowe, 278 Ill. 244, 115 N. E. 859; Lachenmyer v. Gelbach, 266 Ill. 11, 107 N.E. 202; Illinois Land & Loan Co. v. Bonner, 75 Ill. 315; Continental Illinois National Bank & Trust Co. v. Kane, 308 Ill.App. 110, 31 N.E.2d 351.

only by his death, and this was a sufficient interest for the estate tax to attach, pursuant to Sec. 811(c). We do not think that on the execution of the trust there was such vesting of the interests of the beneficiaries as there would be in the case of a will, which takes effect only as of the death of the testator. The conditions upon which the interests are to vest or not vest are all present at the time a will takes effect—at the death of the testator. But in a trust instrument, the conditions upon which the interests are to vest are not necessarily present at the time the trust instrument is executed. In the instant case the condition upon which the beneficiaries take the corpus is that they survive the settlor.

In considering the taxability of inter vivos transfers, we start with Klein v. United States, 283 U.S. 231, 233, 234, 51 S.Ct. 398, 399, 75 L.Ed. 996. In that case the grantor had by deed conveyed a life estate to his wife, but if she died before the grantor, the property reverted to him. If the wife survived the grantor, she received the fee. The Commissioner included the property in the estate of the grantor for estate tax purposes, and the administratrix of the grantor's estate paid the tax and sued the United States in the Court of Claims to recover. From a judgment against her, she appealed. The Supreme Court, affirming the Court of Claims, said: "It follows that only a life estate immediately was vested. The remainder was retained by the grantor; and whether that ever would become vested in the grantee depended upon the condition precedent that the death of the grantor happen *before* that of the grantee. The grant of the remainder, therefore, was contingent. * * * The decisions of the Supreme Court of Illinois, the state where the deed was made and the property lies, support this conclusion. Haward v. Peavey, 128 Ill. 430, 439, 21 N.E. 503, 15 Am.St.Rep. 120; Baley v. Strahan, 314 Ill. 213, 217, 145 N.E. 359. * * * Nothing is to be gained by multiplying words in respect of the various niceties of the art of conveyancing or the law of contingent and vested remainders. It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed."

Applying this law to the instant case, we think it follows that the interests under this trust did not vest upon the execution of the trust, as contended by the taxpayer, and could only vest upon the happening of the condition precedent, namely, that the beneficiaries or some of them survive the settlor, and this was the "event which brought the larger estate into being for the" beneficiaries. If none of the beneficiaries survived the settlor, and that was a possibility, then the trust failed, and the trustees would hold the bare naked title to the corpus as resulting trustees for the settlor. Restatement of the Law of Trusts, Sec. 411(b); Bogert, The Law of Trusts and Trustees, Vol. II, Sec. 468; Lill v. Brant, 6 Ill.App. 366, 376. This possibility that the property might return to the settlor was sufficient upon which to fasten the estate tax provisions. That the property might return to the settlor by operation of law rather than by the terms of the instrument is of no significance. Commissioner of Internal Revenue v. Bank of California, 9 Cir., 155 F.2d 1.

In Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, all of the several trusts involved contained a provision whereby it was possible that the corpus of the property or a part of it might return to the settlor. In that case, the Supreme Court, upholding the tax on the trusts to the estate of the settlor and affirming Klein v. United States, supra, and overruling Becker v. St. Louis Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35, and Helvering v. St. Louis Trust Co., 296 U. S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, said (309 U.S. p. 118, 60 S.Ct. 450): "The importation of these distinctions and controversies from the law of property into the administration of the estate tax precludes a fair and workable tax system. Essentially the same interests, judged from the point of view of wealth, will be

taxable or not, depending upon elusive and subtle casuistries which may have their historic justification but possess no relevance for tax purposes. These unwitty diversities of the law of property derive from medieval concepts as to the necessity of a continuous seisin. Distinctions which originated under a feudal economy when land dominated social relations are peculiarly irrelevant in the application of tax measures now so largely directed toward intangible wealth.

"Our real problem, therefore, is to determine whether we are to adhere to a harmonizing principle in the construction of Sec. 302(c), or whether we are to multiply gossamer distinctions between the present cases and the three earlier ones. Freed from the distinctions introduced by the St. Louis Trust cases, the Klein case furnishes such a harmonizing principle."

It must always be remembered that we are dealing with a tax law that Congress intended should be uniform in its application, and that the provision we are dealing with was one to be used to close the escape mechanism of gifts inter vivos when the same transfer of property if made by will would be taxable. Congress did not intend that the tax liability should depend upon the name given to the piece of paper.

The Supreme Court said at page 112 of the Hallock case, supra, referring to the Klein case:[5] "The inescapable rationale of this decision, rendered by a unanimous Court, was that the statute taxes not merely those interests which are deemed ·to pass at death according to refined technicalities of the law of property. It also taxes *inter vivos* transfers that are too much akin to testamentary dispositions not to be subjected to the same excise."

The Supreme Court has set its face more and more against involvement in the "subtle casuistries" of property law and has looked at the question more as one of "a fair and workable tax system." In two decisions published about the same time

as the decision of the Tax Court in the instant case and not mentioned therein, the Supreme Court has given full sweep to the taxing power of Congress and the freest interpretation to Sec. 811(c) of the Code. In Commissioner v. Field's Estate, 324 U.S. 113, 116, 65 S.Ct. 511, 512, 89 L.Ed. 786, 159 A.L.R. 230, the Court said: "The estate tax is not based on the value of the reversionary interest of the decedent at the time of his death but on the value at the time of his death of the property to which that reversionary interest relates. It makes no difference how vested may be the remainder interests in the corpus or how remote or uncertain may be the decedent's reversionary interest. If the corpus does not shed the possibility of reversion until at or after the decedent's death, the value of the entire corpus on the date of death is taxable."

Again in Fidelity Co. v. Rothensies, 324 U.S. 108, 111, 112, 65 S.Ct. 508, 510, 89 L.Ed. 782, 159 A.L.R. 227, the Supreme Court said: "It is fruitless to speculate on the probabilities of the property being distributed under the contingent power of appointment. Indeed, such speculation is irrelevant to the measurement of estate tax liability. The application of this tax does not depend upon 'elusive and subtle casuistries.' Helvering v. Hallock, supra, 309 U.S. at page 118, 60 S.Ct. at page 450. No more should the measure of the tax depend upon conjectures as to the propinquity or certainty of the decedent's reversionary interests. It is enough if he retains some contingent interest in the property until his death or thereafter, delaying until then the ripening of full dominion over the property by the beneficiaries."

In the light of these most recent expressions of the Supreme Court, we think it clear that since there was a possibility that all of the beneficiaries might be dead at the settlor's death, there was a possibility of the trust failing and the property returning to the settlor; that this was such

---

[5] See Stone, Justice, Helvering v. St. Louis Trust Co., 296 U.S. 39, 46, 56 S. Ct. 74, 77, 80 L.Ed. 29, 100 A.L.R. 1239, where he is speaking of Section 811(c) and (d): "Both provisions prevent tax evasion by subjecting to the death tax, forms of gifts *inter vivos* which may be resorted to, as a substitute for a will, in making dispositions of property operative at death."

an interest in the property as was not wholly divested by the settlor until his death; that this possibility prevented the full and complete possession and enjoyment of the corpus until the settlor's death, and therefore the corpus was within the provisions of Sec. 811(c) of the Revenue Code, and the Commissioner properly included the entire corpus in the taxable estate of Mr. Spiegel.

Counsel for the taxpayer has relied heavily upon Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397. We do not think this case controlling here because as to the five trusts held nontaxable in that case, the Court said at page 346 of 278 U.S., at page 125 of 49 S.Ct.: "* * * the trust, for all practical purposes, had passed as completely from any control by decedent which might inure to his own benefit as if the gift had been absolute."

We hold in the instant case that there was a possibility of the corpus of the trust returning to the settlor because of the precedent condition that the beneficiaries or some of them must survive the settlor, and that the corpus had not completely passed from the settlor.

Emphasis is placed by the taxpayer upon the fact that the settlor did not receive the income 'from the trust but such income was all given to the beneficiaries. That fact may be important in determining whether that segment of the property passed by the trust, but it is not controlling or persuasive as to whether the settlor had completely disposed of the corpus.

The decision of this court in Commissioner v. Lasker, 141 F.2d 889, also relied upon by the taxpayer, if still authority in the light of the recent liberal opinions of the Supreme Court, can be distinguished from the instant case in this respect—there the possibility of reverter was so remote as to be practically non-existent.

It is suggested by the taxpayer that the ruling of the Tax Court that the decedent retained no interest in the property is conclusive. We think the question presented here is a pure question of law, and that the action of the Tax Court being in our opinion erroneous in law is reviewable by us. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.

For such error of law, the judgment of the Tax Court is reversed.